**BRADLEY/GROMBACHER, LLP**
Marcus J. Bradley, Esq. (SBN 174156)
Kiley L. Grombacher, Esq. (SBN 245960)
31365 Oak Crest Drive, Suite 240
Westlake Village, CA 91361
Telephone:     (805) 270-7100
Facsimile:     (805) 270-7589
E-Mail: mbradley@bradleygrombacher.com
E-Mail: kgrombacher@bradleygrombacher.com

Attorneys for Plaintiff FRANK CIOPPETTINI,
on behalf of himself and others similarly situated

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK CIOPPETTINI, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MOCHI MEDICAL CA, P.C., a California Stock Corporation; MOCHI MEDICAL, P.A., a Florida Corporation; MOCHI HEALTH CORP., a Delaware Corporation; and DOES 1 to 10, inclusive,<br><br>Defendants. | CASE NO.<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT:**<br><br>1. **Failure to Pay Overtime Wages in Violation of Labor Code §§ 510 and 1198;**<br>2. **Failure to Pay All Wages and Minimum Wages in Violation of Labor Code §§ 221, 223, 1182, 1194, 1197, and 1198;**<br>3. **Failure to Furnish Accurate, Itemized Wage Statements in Violation of Labor Code § 226(a) and Failure to Maintain Accurate Records in Violation of Labor Code § 1174.5;**<br>4. **Failure to Pay All Wages Owed at Termination in Violation of Labor Code §§ 201-203;**<br>5. **Failure to Reimburse Business Expenses in Violation of Labor Code § 2802;**<br>6. **Violations of Business & Professions Code § 17200 et seq.;**<br>7. **Violations of the Fair Labor Standards Act 29 U.S.C. § 201 et seq.**<br><br>**DEMAND FOR JURY TRIAL** |

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Plaintiff, FRANK CIOPPETTINI (hereinafter "Plaintiff") hereby submits his Complaint against Defendants MOCHI MEDICAL CA, P.C., a California Stock Corporation; MOCHI MEDICAL, P.A., a Florida Corporation, MOCHI HEALTH CORP., a Delaware Corporation, and DOES 1 to 10, inclusive, (hereinafter referred to as "Defendants") on behalf of himself and the class of all other similarly situated current and former employees of Defendants as follows:

## NATURE OF THE CASE

1. This is a class action and nationwide FLSA collective action arising out of Defendants' misclassification of their healthcare providers as independent contractors and thereby failing to provide their employees with all wages, failing to provide compliant wage statements, and failing to comply with the applicable wage order and/or the Labor Code regarding the payment of wages.

2. Defendants operate a telehealth platform for weight management, and a professional medical group that provides prescription services based on referrals from the telehealth platform.

3. At all relevant times, Defendants issued and maintained uniform, standardized scheduling and timekeeping practices and procedures for all their employees, including Plaintiff and others similarly situated, regardless of their state of residence, location, or position.

4. Based on Defendants' California-centered employment relationship, the contractual choice-of law provision contained in their Professional Services Agreement, centralized control, and other relevant factors, Plaintiff asserts California wage and hour claims.

5. Defendants have maintained practices which have failed and continue to fail to pay Plaintiff and others similarly situated all wages owed.

6. In light of the foregoing, Defendants have failed to provide accurate wage statements. Defendants have also failed to timely pay wages upon separation of employment.

7. Plaintiff brings Causes of Action One through Six (the "class claims") as a class action on behalf of himself and other similarly situated individuals whose employment relationship with Defendants was centered in California, at any time from four-years prior to the filing of this complaint, through the resolution of this action. Plaintiff, on his own behalf and on behalf of all Class Members, brings the class claims pursuant to Labor Code sections 201-203, 210, 221, 223,

**1**

CLASS AND COLLECTIVE ACTION COMPLAINT

226, 500, 510, 1174, 1194, 1194.2, 1197, 1198, 2802, the applicable wage order and under Business & Professions Code sections 17200-17208, for unfair competition due to Defendants' unlawful, unfair and fraudulent business acts and practices.

8.	Plaintiff is informed and believes, and based thereon alleges, that Defendants have engaged in, among other things a system of willful violations of the Labor Code and the applicable IWC wage orders by creating and maintaining policies, practices and customs that knowingly deny employees the above stated rights and benefits.

## **PARTIES**

9.	Plaintiff Frank Cioppetini is an individual over the age of eighteen (18) and is now, and/or at all relevant times mentioned in this Complaint was, a resident and domiciliary of the State of South Carolina. During the relevant time period, Plaintiff worked remotely as a licensed physician for Defendants from approximately December 10, 2024, to February 14, 2025.

10.	Plaintiff is informed and believes, and based thereon alleges, that Defendant Mochi Medical CA, P.C., is a California Stock Corporation. Plaintiff is further informed and believes that at all times relevant hereto, Defendant Mochi Medical CA, P.C. has transacted, and continues to transact, business throughout the State of California.

11.	Plaintiff is informed and believes, and based thereon alleges, that Defendant Mochi Medical, P.A. is a Florida corporation. Plaintiff is further informed and believes that at all times relevant hereto, Defendant Mochi Medical, P.A. has transacted, and continues to transact, business throughout the State of California.

12.	Plaintiff is informed and believes, and based thereon alleges, that Defendant Mochi Health Corp. is a Delaware corporation. Plaintiff is further informed and believes that at all times relevant hereto, Defendant Mochi Health Corp. has transacted, and continues to transact, business throughout the State of California.

13.	Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned Defendants and DOES 1 through 10, are and were corporations, business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California.

**2**
**CLASS AND COLLECTIVE ACTION COMPLAINT**

14.     Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiff prays for leave to amend this complaint when the true names and capacities are known. Plaintiff is informed and believes and based thereon alleges that each of said fictitious Defendants were responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the general public and class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

15.     At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged. At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, the Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged.

16.     The members of the Classes (as defined below), including the representative Plaintiff named herein, performed telehealth medical services remotely pursuant to Defendants' policies, supervision, and contractual obligations directed and administered from California during the Class Period. The practices and policies which are complained of by way of this Complaint are enforced from the State of California.

## JURISDICTION AND VENUE

17.     The Court has original federal jurisdiction under 28 U.S.C. § 1331 because this action arises under the laws of the United States. Specifically, this action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § § 201 et seq., which authorizes private rights of action to recover damages for violations of the FLSA's wage and hour provisions.

18.     This Court has supplemental jurisdiction over the California state law claims under 28 U.S.C. § 1367 because they are so related to this action that they form part of the same case or controversy under Article III of the United States Constitution.

19.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because

**3**
**CLASS AND COLLECTIVE ACTION COMPLAINT**

Defendants transact business in this district and a substantial part of the acts and/or omissions giving rise to the claims occurred in this district.

**FACTUAL ALLEGATIONS**

20.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

21.    In or around December 2024, Defendants hired and paid Plaintiff to work as a licensed physician for their online telehealth platform, earning approximately $37.50 per patient per month. On or about February 14, 2025, Plaintiff's employment with Defendants ended. During his time working for Defendants, Defendants misclassified Plaintiff as an "independent contractor."

22.    Defendants misclassified Plaintiff as an "independent contractor" in violation of California law. Defendants cannot satisfy the first element that must be met under California's ABC independent contractor test because Plaintiff was not free from their control and direction in connection with his work's performance. Defendants had the right to control and direct, and did in fact, exercise control and direction over Plaintiff's job duties and working conditions. Among other forms of control and direction, Defendants had the right to discipline or terminate Plaintiff, with or without cause; required him to monitor their mobile app, online forum, and email; required him to timely respond to online requests; and supervised and evaluated his work performance. Thus, Plaintiff was not free from the control and direction of Defendants in connection with his work's performance–the first element that must be met under California's ABC test in order for a worker to be lawfully classified as an independent contractor.

23.    Defendants also cannot meet the second element of the ABC test because they required Plaintiff to perform work that was within their usual course of their business.

24.    Defendants cannot meet the third element of the ABC test either, since during the time Plaintiff worked for Defendants, he did not engage in an independently established business, trade or occupation.

25.    Defendants are required to satisfy all three elements of the ABC test in order to lawfully classify Plaintiff as an independent contractor. As alleged above, they cannot satisfy any of them.

26.    Further, even assuming Defendants contend that any exemption applies, Plaintiff

**4**

**CLASS AND COLLECTIVE ACTION COMPLAINT**

and other members of the Class were not properly classified as exempt because they were paid less than both California's General Professional Exemption salary threshold and Licensed Physician Exemption hourly rate.[1]

27.    By misclassifying Plaintiff as an "independent contractor" in violation of California law, Defendants deprived him of the rights, protections, and benefits afforded to non-exempt employees in California, including, but not limited to, payment for all hours worked, minimum wage, overtime pay, reimbursement of all business-related expenses, and provision of wage statements.

28.    Upon information and belief, during the applicable recovery period, Defendants have had a practice of misclassifying other healthcare providers as "independent contractors," because they exercised control over them similar to the kind of control they exercised over Plaintiff; the workers were in the same line of business as Defendants; and the workers did not engage in an independently established business, trade or occupation.

29.    By misclassifying other members of the Class as "independent contractors" or exempt, Defendants, as they did with Plaintiff, also deprived members of the Class of their rights, protections, and benefits afforded to non-exempt employees under California law, including, but not limited to, payment for all hours worked, minimum wage, overtime pay, reimbursement of all business-related expenses, and provision of wage statements.   Thus, other members of the Class suffered the same type of violations alleged by Plaintiff herein.

*Facts Regarding Willfulness*

30.    Plaintiff is informed and believes, and based thereon alleges, that Defendants are and were advised by skilled lawyers, other professionals, employees with human resources background and advisors with knowledge of the requirements of California wage and hour laws and that at all relevant times, Defendants knew or should have known, that the Plaintiff Class Members, including Plaintiff, were and are entitled to receive pay for all hours worked, accurate

---

[1]  Plaintiff earned approximately $7,387.50 for approximately seven (7) weeks of work. Accordingly, Plaintiff's compensation fell well below the licensed physician exemption rate of $103.75 per hour (Cal. Lab. Code § 515.6(a)(1)) and the general professional exemption salary threshold of $63,640 per year in 2025 (Cal. Lab. Code § 515.6(a)).

**5**

**CLASS AND COLLECTIVE ACTION COMPLAINT**

itemized wage statements, and pay in a timely manner.

*Unfair Business Practices*

31.    Defendants have further engaged in, and continues to engage in, unfair business practices in California by practicing, employing and utilizing the unlawful employment practices and policies outlined above.

32.    As a direct result of the wage and hour violations herein alleged, Plaintiff and members of the Plaintiff Class have suffered, and continue to suffer substantial losses related to the use and enjoyment of wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel Defendants to perform their obligations under state law, all to Plaintiff's and the Plaintiff Class members' respective damage in amounts according to proof at the time of trial.

*Plaintiff's Exhaustion of Administrative Remedies*

33.    Plaintiff is currently complying with the procedures for bringing suit specified in Labor Code section 2699.3.

34.    By letter dated February 11, 2026, required notice was provided to the Labor and Workforce Development Agency ("LWDA") and Defendants, of the specific provisions of the Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.

35.    This Complaint will be amended when more than sixty-five (65) days have passed since the date the notice was mailed to Defendants and the LWDA, if the LWDA chooses not to investigate the allegations herein.

## CLASS ACTION ALLEGATIONS

36.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

37.    Pursuant to Code of Civil Procedure section 382, this action is brought and may be properly maintained as a class action. This action satisfies the ascertainability, numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of those provisions.

38.    Plaintiff brings this suit as a class action on behalf of two classes of individuals defined as follows (collectively the "Classes"):

**6**

**CLASS AND COLLECTIVE ACTION COMPLAINT**

39.    *Plaintiff Class*: All healthcare professionals Defendants identified as "contractors" whose employment relationships and/or agreements were governed by California law and who were paid for work performed at any time since four years prior to filing this action, through the date judgment is rendered in this action.

40.    *Terminated Sub Class:* All members of the Plaintiff Class whose employment ended during the Class Period.

41.    *Numerosity:* Plaintiff is informed and believes, and on that basis alleges, that during the class period hundreds of class members have been employed by Defendants as contractors whose employment relationship was centered in the State of California. Because so many persons have been employed by Defendants in this capacity, the members of the Plaintiff Class are so numerous that joinder of all members is impossible and/or impracticable.

42.    *Common Questions of Law and/or Fact:* Common questions of law and fact exist as to all members of the Plaintiff Class and predominate over any questions affecting solely individual members of the Plaintiff Class. Among the questions of law and fact, that are relevant to the adjudication of Class Members' claims are as follows:

a.    Whether Plaintiff and Class Members are subject to and entitled to the benefits of California wage and hour statutes;

b.    Whether Defendants failed to pay Plaintiff and Class Members for all hours worked;

c.    Whether Defendants failed to pay Plaintiff and Class Members all overtime;

d.    Whether Defendants unlawfully and/or willfully failed to provide Plaintiff and members of the Plaintiff Class with true and proper wage statements upon payment of wages, in violation of Labor Code section 226;

e.    Whether Defendants failed to timely pay final wages to Plaintiff and members of the Plaintiff Class upon separation of employ;

f.    Whether Plaintiff and members of the Plaintiff Class sustained damages, and if so, the proper measure of such damages, as well as interest, penalties, costs, attorneys' fees, and equitable relief;

**7**

**CLASS AND COLLECTIVE ACTION COMPLAINT**

g.      Whether Defendants' conduct as alleged herein violates the Unfair Business Practices Act of California (Bus. & Prof. Code, § 17200 et seq.)

43.     *Typicality:* The claims of the named Plaintiff are typical of the claims of the members of the Plaintiff Class. Defendants' common course of conduct in failing to provide them with proper wages and overtime, and failing to provide them with compliant wage statements has caused Plaintiff and the proposed Class to sustain the same or similar injuries and damages. Plaintiff's claims are thereby representative of and co-extensive with the claims of the proposed Class. Plaintiff and the proposed Class sustained the same or similar injuries and damages arising from Defendants' common policies, practices, procedures, protocols, routines, and rules which were applied to other Class Members as well as Plaintiff. Plaintiff seeks recovery for the same type of losses, injuries, and damages as were suffered by other members of the proposed class.

44.     *Adequacy of Representation:* Plaintiff is an adequate representative of the proposed Class because he is a member of the class, and his interests do not conflict with the interests of the members he seeks to represent. Plaintiff has retained competent counsel, experienced in the prosecution of complex class actions, and together Plaintiff and his counsel intend to prosecute this action vigorously for the benefit of the Class. The interests of the Class Members will fairly and adequately be protected by Plaintiff and his attorneys.

45.     *Superiority of Class Action*: A class action is superior to other available methods for the fair and efficient adjudication of this litigation since individual litigation of the claims of all Class Members is impracticable. It would be unduly burdensome to the courts if these matters were to proceed on an individual basis, because this would potentially result in hundreds of individual and repetitive lawsuits. Further, individual litigation presents the potential for inconsistent or contradictory judgments, and the prospect of a "race to the courthouse," and an inequitable allocation of recovery among those with equally meritorious claims. By contrast, the class action device presents far fewer management difficulties, and provides the benefit of a single adjudication, economics of scale, and comprehensive supervision by a single court.

46.     The various claims asserted in this action are additionally or alternatively certifiable under the provisions of the Code of Civil Procedure section 382 because:

**8**

**CLASS AND COLLECTIVE ACTION COMPLAINT**

a.  The prosecution of separate actions by hundreds of individual class members would create a risk or varying adjudications with respect to individual class members, thus establishing incompatible standards of conduct for Defendants, and

b.  The prosecution of separate actions by individual class members would also create the risk of adjudications with respect to them that, as a practical matter, would be dispositive of the interest of the other class members who are not a party to such adjudications and would substantially impair or impede the ability of such non-party class members to protect their interests.

## FIRST CAUSE OF ACTION

### Unpaid Overtime

**(By Plaintiff and Members of the Putative Class Against Defendants)**

47.  Plaintiff incorporates herein by reference the allegations set forth above.

48.  Pursuant to Labor Code §§ 200, 226, 500, 510 and 1198 and the Applicable Wage Orders at all times relevant hereto, Defendants were required to compensate Plaintiff and members of the Class for all worked overtime hours, which is calculated at one and one-half times the regular rate of pay for all hours worked in excess of 8 hours per day and/or 40 hours per week. Defendants were also required to compensate Plaintiff and the Class for all hours worked in excess of 12 hours in any workday at double their regular rate of pay.

49.  Despite being misclassified as "independent contractors," Plaintiff and members of the Class were/are, in fact, non-exempt employees entitled to the protections of the Applicable Wage Orders, and Labor Code §§ 200, 226, 500, 510, and 1198.

50.  During the applicable recovery period, Plaintiff and members of the Class worked in excess of 8 hours in a workday, 12 hours in a workday, and/or 40 hours in a workweek. However, Defendants failed to properly compensate them for all their overtime and/or double-time hours worked as required under the aforementioned laws.

51.  As a direct result of aforementioned violations, Plaintiff and members of the Class have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorney's fees in seeking to compel

**9**

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Defendants to fully perform their obligations under state law, all to these employees' respective damage in amounts according to proof at time of trial, but in amounts in excess of the jurisdiction of this Court.

52.    Defendants' failure to pay Plaintiff and members of the Class the balance of overtime compensation, as required by California law, violates the provisions of Labor Code sections 510 and 1198. Plaintiff and members of the Class are entitled to recover civil penalties, attorney's fees, costs, and interest thereon.

## SECOND CAUSE OF ACTION

### Failure to Pay All Wages

**(By Plaintiff and Members of the Putative Class Against Defendants)**

53.    Plaintiff incorporates herein by reference the allegations set forth above.

54.    Despite being misclassified as "independent contractors," Plaintiff and members of the Class were/are, in fact, non-exempt employees entitled to the protections of the Applicable Wage Orders, and Labor Code §§ 221, 223, 1182, 1194, 1197, and 1198. At all times relevant herein, which comprise the time period not less than four (4) years preceding the filing of this action, Defendants were required to compensate their non-exempt employees for all hours worked.

55.    For at least the four (4) years preceding the filing of this action, Defendants failed to compensate employees for all hours worked. Defendants implemented policies that actively prevented employees from being compensated for all time worked.

56.    Under the applicable wage order and state regulations, Plaintiff and the Plaintiff Class are entitled to recover compensation for all hours worked, but not paid, for the four (4) years preceding the filing of this action, in addition to reasonable attorney's fees and costs of suit in accordance with Labor Code section 218.5, and penalties pursuant to Labor Code sections 203 and 206.

57.    The applicable IWC wage order section 2(G) defines "hours worked" to mean "the time during which an employee is subject to the control of an employer and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

58.    Defendants suffered or permitted Plaintiff and members of the Class to work portions of the day for which Defendants failed to compensate them.

**10**

**CLASS AND COLLECTIVE ACTION COMPLAINT**

59. Labor Code section 1194(a) provides in relevant part: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage … is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage … including interest thereon, reasonable attorney's fees, and costs of suit."

60. Labor Code section 1194.2(a) provides in relevant part: "In any action under section 1193.6 or section 1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

61. Labor Code section 1197 provides: "The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful."

62. Plaintiff is informed and believes, and therefore alleges, that Defendants' compensation schemes do not fairly compensate Plaintiff and other Class Members for all hours spent performing their job duties.

63. The failure to pay at least minimum wages to Plaintiff and members of the Plaintiff Class for each and every hour worked violates Labor Code sections 1182.11-1182.12, 1194, 1194.2, and 1197; the applicable IWC wage order section 4; and Business & Professions Code.

64. The failure to pay designated wages to Plaintiff and members of the Plaintiff Class for each and every hour worked violates Labor Code section 221 and 223; the applicable IWC wage order section 3; and Business & Professions Code.

65. As a proximate result of the above-mentioned violations, Plaintiff and the Plaintiff Class have been damaged in an amount according to proof at time of trial.

**THIRD CAUSE OF ACTION**

**Wage Statements and Maintain Accurate Records**

**(By Plaintiff and Members of the Putative Class Against Defendants)**

66. Plaintiff hereby incorporates by reference each and every one of the allegations contained in the preceding paragraphs as if the same were fully set forth herein.

67. Labor Code section 226(a) and the applicable IWC wage order section 6(B) requires

**11**

**CLASS AND COLLECTIVE ACTION COMPLAINT**

employers to furnish each employee with a statement itemizing, among other things, the total hours worked by the employee, on a semi-monthly basis or at the time of each payment of wages.

68.    Labor Code section 226(e) provides that if an employer fails to comply with providing an employee with properly itemized wage statements as set forth in section 226(a), then the employee is entitled to recover the greater of all actual damages or $50 for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period, not to exceed $4,000. Further, Labor Code section 226.3 provides that any employer who violates section 226(a) shall be subject to a civil penalty in the amount of $250 per employee per violation in an initial citation and $1,000 per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage statement or fails to keep the required records pursuant to section 226(a).

69.    Defendants knowingly and intentionally failed to furnish Plaintiff and the members of the Class with timely, itemized statements in compliance with Labor Code section 226(a) and the applicable IWC Wage order section 6(B).

70.    Plaintiff is informed and believes, and thereon alleges, that Defendants knowingly and intentionally failed to furnish Plaintiff and members of the Class with timely, itemized statements showing (a) total hours, (b) gross wages earned, (c) all deductions, and/or (d) all applicable hourly rates in effect during each respective pay period and the corresponding number of hours worked at each hourly rate by each respective individual.

71.    Plaintiff is informed and believes, and thereon alleges, that Defendants did not maintain accurate business records pertaining to the total hours worked for Defendants by Plaintiff and the members of the Class as required under Labor Code section 1174.5.

72.    As a result of not having kept accurate records, Plaintiff and the Class Members suffered injuries in the form of confusion over whether they received all wages owed to them, and difficulty and expense in reconstructing pay records in addition to other injuries which may come to light during the discovery process.

73.    Plaintiff and the members of the Class herein seek damages and penalties pursuant to Labor Code section 226(e) for Defendants' violations of Labor Code section 226(a).

**12**

**CLASS AND COLLECTIVE ACTION COMPLAINT**

74. Plaintiff and Class Members also seek preliminary and permanent injunctive relief and an award of reasonable attorneys' fees and costs pursuant to Labor Code section 226(h).

### FOURTH CAUSE OF ACTION

#### Waiting Time Penalties

**(By Plaintiff and Members of the Terminated Sub Class Against Defendants)**

75. Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

76. At all times, relevant herein, Defendants were required to pay their employees all wages owed in a timely fashion during and at the end of their employment, pursuant to Labor Code section 201-203.

77. As a pattern and practice, Defendants regularly failed to pay Plaintiff and the members of the Terminated Sub Class their final wages pursuant to Labor Code sections 201-203, and accordingly owe waiting time penalties pursuant to Labor Code section 203.

78. Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

79. On information and belief, Defendants have a company-wide practice or policy of paying departing employees their final wages late, instead of adhering to the time requirements set forth in Labor Code sections 201 and 202.

80. Specifically, Defendants willfully failed to pay Plaintiff and members of the Terminated Sub Class the earned and unpaid wages set forth above, including but not limited to, overtime wages and minimum wages, either at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ.

81. Plaintiff and members of the Terminated Sub Class are entitled to recover civil penalties, attorney's fees, costs, and interest thereon, pursuant to Labor Code section 256.

**13**

**CLASS AND COLLECTIVE ACTION COMPLAINT**

**FIFTH CAUSE OF ACTION**

**Failure to Reimburse Business Expenses**

**(By Plaintiff and Members of the Putative Class Against Defendants)**

82.    Plaintiff re-alleges and incorporate all preceding paragraphs as though fully set forth herein.

83.    Labor Code section 2802 requires employers to pay for all necessary expenditures and losses incurred by the employee in the performance of his or her job. The purpose of Labor Code section 2802 is to prevent employers from passing off their cost of doing business and operating expenses on to their employees. *Cochran v. Schwan's Home Service, Inc.* (2014) 228 Cal.App.4th 1137, 1144.

84.     The applicable IWC wage order provides that: "[w]hen tools or equipment are required by the employer or are necessary to the performance of a job, such tools and equipment shall be provided and maintained by the employer, except that an employee whose wages are at least two (2) times the minimum wage provided herein may be required to provide and maintain hand tools and equipment customarily required by the trade or craft."

85.    During the Class Period Defendants had a company-wide policy requiring Plaintiff and members of the Classes to use their personal cellphones and personal computers for work-related duties.

86.    Defendants failed to reimburse them for these costs. Defendants could have provided Plaintiff and members of the Classes with the actual tools for use on the job. Alternatively, Defendants could have reimbursed employees for the costs. Instead, Defendants passed these operating costs off onto Plaintiff and members of the Classes.

87.    Thus, Defendants had, and continue to have, a company-wide policy and/or practice of not reimbursing employees for expenses necessarily incurred in violation of Labor Code section 2802.

88.    Plaintiff and members of the Classes are entitled to recover civil penalties, attorney's fees, costs, and interest thereon.

**14**

**CLASS AND COLLECTIVE ACTION COMPLAINT**

## SIXTH CAUSE OF ACTION

### Violation of California

### *Business and Professions Code Section 17200 et seq.*

**(By Plaintiff and the Members of the Plaintiff Class Against Defendants)**

89.    Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

90.    Business and Professions Code section 17200 defines unfair competition to include, "unlawful, unfair or fraudulent business practices."

91.    Plaintiff and all proposed Class Members are "persons within the meaning of Business and Professions Code section 17204, who have suffered injury in fact and have lost money or property as a result of Defendants' unfair competition.

92.    Defendants have been committing, and continue to commit, acts of unfair competition by engaging in the unlawful, unfair and fraudulent business practices and acts described in this Complaint, including, but not limited to:

a)  violations of Labor Code sections 510, 1198;

b)  violations of Labor Code sections 221, 223, 1182.11-1182.12, 1194, 1194.2, 1197, 1198;

c)  violations of Labor Code sections 226.7, 512, 516, and 1198;

d)  violations of Labor Code sections 226, 1174;

e)  violations of Labor Code section 201-203; and

f)  violations of Labor Code section 2802.

93.    As a result of their unlawful, unfair, and/or fraudulent business acts and practices, Defendants have reaped and continues to reap unfair benefits and illegal profits at the expense of Plaintiff and proposed Class Members. Defendants' unlawful, unfair, and/or fraudulent conduct has also enabled Defendants to gain an unfair competitive advantage over law-abiding employers and competitors.

94.    Business and Professions Code section 17203 provides that the Court may restore to an aggrieved party any money or property acquired by means of the unlawful, unfair, and/or

**CLASS AND COLLECTIVE ACTION COMPLAINT**

fraudulent business acts or practices.

95.     Plaintiff seeks a court order enjoining Defendants from the unlawful, unfair, and/or fraudulent activity alleged herein.

96.     Pursuant to Civil Code section 3287(a), Plaintiff and other members of the Plaintiff Class are entitled to recover pre-judgment interest on wages earned, but not paid.

97.     Plaintiff further seeks an order requiring an audit and accounting of the payroll records to determine the amount of restitution of all unpaid wages owed to himself and members of the proposed Plaintiff Class, according to proof, as well as a determination of the amount of funds to be paid to current and former employees that can be identified and located pursuant to a court order and supervision.

98.     Plaintiff seeks restitution for himself and all others similarly situated of these amounts, including all earned and unpaid wages and attorneys' fees and costs pursuant to Code of Civil Procedure section 1021.5.

**SEVENTH CAUSE OF ACTION**

**Violation of Fair Labor Standards Act 29 U.S.C. section 201 et seq.**

**(By Plaintiff and the Members of the Plaintiff Class Against Defendants)**

99.     Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

100.    The Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., provides that an employee must be compensated for all hours worked, including all straight time compensation and overtime compensation.

101.    The FLSA further provides that employees shall not be employed more than forty (40) hours in any workweek, unless they receive additional compensation beyond their regular wages in amounts specified by law.

102.    The FLSA requires, among other things, that employers whose employees are engaged in interstate commerce, engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce must pay employees the minimum wage for all time worked and overtime pay at their regular rate of pay. 29

**16**

U.S.C. §§ 206(a)(1), 207(a)(1). Defendants are subject to the requirements of the FLSA because they are an enterprise engaged in interstate commerce and their employees are engaged in commerce.

103.    Plaintiffs and all similarly situated employees (the "FLSA Collective Class") are victims of a uniform and company-wide compensation policy that violates the FLSA and has been applied to a nationwide collective of healthcare providers subject to Defendants' uniform pay and classification practices, regardless of state of residence.

104.    Defendants have a uniform policy and practice of failing to pay Plaintiffs and the FLSA Collective Class wages and overtime compensation for all hours worked; requiring, permitting, or suffering Plaintiffs and the Collective Class to work off the clock; illegally and inaccurately recording time in which Plaintiffs and the Collective Class worked; failing to properly maintain Plaintiffs and the FLSA Collective Class's records; failing to maintain accurate and itemized wage statements; failing to timely pay wages upon termination; and failing to properly pay for reimbursements to the Plaintiffs and the FLSA Collective Class.

105.    Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs and the FLSA Collective Class are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages and overtime pay, and/or prejudgment interest at the applicable rate. 29 U.S.C. § 216(b).

106.    By virtue of Defendants' unlawful failure to pay Plaintiffs and the FLSA Collective Class for all hours worked, including overtime, Plaintiffs and the FLSA Collective Class have suffered, and will continue to suffer, damages in amounts which are presently unknown to Plaintiffs and members of the FLSA Collective Class, but which will be ascertained according to proof. Accordingly, Plaintiff, on behalf of himself and the FLSA Collective Class, seeks damages for their respective unpaid wages, together with an amount equal to liquidated damages, attorneys' fees and costs pursuant to the FLSA, 29 U.S.C. section 216(b).

/ / /

/ / /

**17**
**CLASS AND COLLECTIVE ACTION COMPLAINT**

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, and the Class Members pray for judgment as follows:

1. For an order certifying the proposed Plaintiff and Terminated Sub-Class;

2. For an order that counsel for Plaintiff be appointed class counsel;

3. Certification of this class action on behalf of the proposed Plaintiff and Terminated Sub-Class;

4. Designation of Plaintiff as the class representative of the Plaintiff and Terminated Sub Class;

5. For restitution of all monies due to Plaintiff and the members of the Plaintiff Class and disgorgement of all profits from the unlawful business practices of Defendants;

6. For an order certifying the FLSA Collective Class and that notice be sent to the FLSA Collective Class providing them notice of the opportunity to join this case pursuant to U.S.C. section 216(b);

7. Prejudgment and post judgment interest on all sums awarded;

8. For compensatory damages;

9. For liquidated damages as provided by the FLSA, 29 U.S.C. section 216(b);

10. For penalties pursuant to Labor Code sections 210, 226, 226.3, 226.7;

11. For interest accrued to date;

12. For costs of suit and expenses incurred herein pursuant to Labor Code sections 226 and 1194;

13. For reasonable attorneys' fees pursuant to 29 U.S.C. section 216(b), Labor Code section 226, Code of Civil Procedure section 1021.5, and/or other applicable law; and

14. A declaratory judgment that Defendants have knowingly and intentionally violated the following provisions of law;

    a. Labor Code sections 510, 1198 for failing to pay overtime;

    b. Labor Code sections 1182.11-1182.12, 1194, 1194.2, 1197, 1198, 221, and 223 for failing to pay all wages;

**18**

**CLASS AND COLLECTIVE ACTION COMPLAINT**

     c.     Labor Code sections 226, 1174 for failing to provide compliant wage statements;

     d.     Labor Code sections 203 for failing pay final wages upon separation of employ;

     e.     Labor Code sections 2802 for failing to reimburse expenses;

     f.     Business & Professions Code sections 17200-08 for violating the provisions set forth herein above; and

     g.     FLSA 29 U.S.C. section 207 for violating the provisions set forth herein above.

15.     For all such other and further relief that the Court may deem just and proper.

DATED: February 11, 2026          **BRADLEY/GROMBACHER, LLP**

By:    /s/*Marcus J. Bradley*
          Marcus Bradley, Esq.
          Kiley Grombacher, Esq.

          Attorneys for Plaintiff and others similarly situated

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of Plaintiff's and the class members' claims by jury to the extent authorized by law.

DATED: February 11, 2026          **BRADLEY/GROMBACHER, LLP**

By:    /s/*Marcus J. Bradley*
          Marcus J. Bradley, Esq.
          Kiley Grombacher, Esq.

          Attorneys for Plaintiff and others similarly situated

**CLASS AND COLLECTIVE ACTION COMPLAINT**